UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80484-CIV-COHN/SELTZER

FRANK GONZALEZ,

    Plaintiff,

v.

NATIONAL SETTLEMENT SOLUTIONS, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint [DE 5] ("Motion"). The Court has reviewed the Motion, Plaintiff's Opposition [DE 11], Defendant's Reply [DE 18], and the record in this case, and is otherwise advised in the premises. For the reasons discussed herein, the Court will deny the Motion in its entirety.

## I.  BACKGROUND

This case arises from discrimination and retaliation Plaintiff Frank Gonzalez allegedly suffered at the hands of his former employer, Defendant National Settlement Solutions, Inc. ("National"). Gonzalez is a Hispanic male. DE 1 ¶ 16.[1] Gonzalez worked for National as an account manager until February 2013. Id. ¶¶ 9, 12–13. During his employment, Gonzalez and a fellow Hispanic account manager were excluded from certain staff meetings. Id. ¶ 10. Gonzalez's supervisor also allowed other non-Hispanic

---

[1] For the purpose of resolving the Motion, the Court adopts as true the facts alleged in the Complaint. See Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents, 633 F.3d 1297, 1301 n.3 (11th Cir. 2011).

account managers review Gonzalez's accounts, which Gonzalez contends was against National's company policies. Id. ¶ 11. Gonzalez viewed this treatment as discrimination on the basis of race and national origin. Id. ¶ 12, 14–27. Gonzalez thus complained of discrimination to National's vice president on February 27, 2013. Id. ¶ 12. The next day, National fired Gonzalez. Id. ¶ 13. Gonzalez contends that he was fired in retaliation for his discrimination complaint. Id. ¶ 31. Gonzalez asserts six claims on the basis of this alleged discrimination and retaliation: (1) race discrimination under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01, *et seq.*; (2) national origin discrimination under the FCRA; (3) retaliation under the FCRA; (4) race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; (5) national origin discrimination under Title VII; and (6) retaliation under Title VII. DE 1 ¶¶ 14–64. National has responded with the Motion, arguing that Gonzalez has failed to pursue the necessary pre-suit administrative remedies or satisfy the applicable pleading standard. See generally DE 5.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest. Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pled complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal quotation marks omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

## III. DISCUSSION

Each of National's arguments for dismissal in the Motion relate to pre-suit requirements for Gonzalez's claims. National argues that Gonzalez has produced no evidence that he presented his claims of discrimination and retaliation to the relevant state and federal agencies or received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), which are conditions precedent to suit. National also contends that it did not receive pre-suit notice of the claims, to which it was entitled. Finally, National asserts that Gonzalez has alleged insufficient facts in the Complaint to plead the satisfaction of conditions precedent to suit.

However, Gonzalez has provided evidence that he presented his charges to the necessary administrative agencies before bringing suit, and that the absence of a right-to-sue letter has resulted from the EEOC's own administrative delays. Moreover, the EEOC was responsible for notifying National of Gonzalez's charges, but the EEOC's failure to notify National does not justify the dismissal of the instant action. Finally, Gonzalez has adequately pled that the conditions precedent to suit have been satisfied. The Court therefore rejects National's arguments for dismissal.

### A. Gonzalez's Failure to Receive a Right-to-Sue Letter from the EEOC Does Not Bar His Title VII Claims

National first argues that because Gonzalez has not received a right-to-sue letter from the EEOC, his Title VII claims should be dismissed as premature. Gonzalez concedes that he has not received such a letter, which is ordinarily a condition precedent to a Title VII suit. However, the absence of the letter is not an absolute bar to Gonzalez's claims, and the Court may waive the requirement of a right-to-sue letter in the interest of fairness. Because the absence of a right-to-sue letter in this case has apparently resulted from the EEOC's delay, it would be inequitable to bar Gonzalez's suit for failure to receive the letter. The Court thus will waive the requirement of a right-to-sue letter in this case.

A plaintiff with a Title VII discrimination or retaliation claim must proceed through a number of steps before he can raise the claim in a federal district court. The plaintiff must first present his claim as a charge to the EEOC. Forehand v. Fla. State Hosp., 89 F.3d 1562, 1567 (11th Cir. 1996). If the EEOC has not dismissed the charge or taken any other action within 180 days after the charge was filed, the EEOC must provide a right-to-sue letter notifying the plaintiff that he can bring suit on his claim within 90 days. Id.; 42 U.S.C. § 2000e-5(f)(1).

Generally, a plaintiff may only bring his Title VII claim in federal court after receiving a right-to-sue letter. See Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 999–1000 (11th Cir. 1982). National contends that Gonzalez has not received a right-to-sue letter from the EEOC. Because the receipt of a right-to-sue letter is a prerequisite to a Title VII suit, National argues that Gonzalez's Title VII claims should be dismissed as premature. DE 5 at 4–5.

4

Gonzalez concedes that he has not received a right-to-sue letter. Gonzalez filed a charge of discrimination against National with the EEOC on June 2, 2011. DE 11-1.[2] Gonzalez filed a second charge to add allegations of retaliation on or about April 2, 2013. DE 11 at 3; DE 11-2. Well over 180 days have elapsed from the filing of Gonzalez's second charge, apparently without any action by the EEOC, but the EEOC has yet to issue a right-to-sue letter. Gonzalez contends that he has repeatedly requested a right-to-sue letter from the EEOC, but that the EEOC has not responded to his communications. DE 11 at 3. While acknowledging that receipt of a right-to-sue letter is a condition precedent to suit on his Title VII claims, Gonzalez argues that the absence of a letter in this case is beyond his control, and that his suit should not be foreclosed as a result of the EEOC's unresponsiveness. DE 11 at 7.

The Court agrees with Gonzalez that the EEOC's failure to act in a timely manner justifies waiving the requirement of a right-to-sue letter in this case. A right-to-sue letter from the EEOC is not a jurisdictional prerequisite to a Title VII suit. Instead, it is a "condition precedent subject to equitable modification." Forehand, 89 F.3d at 1567. "The most appropriate and frequently recurring situation in which an action will be permitted without a right-to-sue letter is when the EEOC fails or refuses to provide the letter upon

---

[2] The Court may consider a document relating to a motion to dismiss without converting the motion into one for summary judgment if the authenticity of the document is not challenged and it is central to the plaintiff's claim. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). National does not contest the authenticity of the EEOC charges Gonzalez has attached to his Opposition to the Motion at docket entries 11-1 and 11-2. Further, an EEOC charge of discrimination is central to allegations of a Title VII violation, and such charges are frequently considered by district courts in resolving motions to dismiss. See Hodge v. Orlando Utils. Comm'n, No. 09-1059, 2009 U.S. Dist. LEXIS 116599 at *11–12 (M.D. Fla. Dec. 15, 2009) (collecting cases). Accordingly, the Court will consider the charges filed with the EEOC that Gonzalez has attached to his Opposition in resolving the issues presented by the Motion. See Day, 400 F.3d at 1276.

Case 9:14-cv-80484-JIC   Document 29   Entered on FLSD Docket 08/25/2014   Page 6 of 10

demand by the complainant after the 180-day period has run." 4 Joseph G. Cook & John L. Sobieski, Jr., Civil Rights Actions ¶ 21.17 (LexisNexis 2014). Indeed, to dismiss a Title VII claim for "failure to receive the [right-to-sue letter] when [a plaintiff] is unable to obtain it would obviously be unfair." Fouche v. Jekyll Island-State Park Auth., 713 F.2d 1518, 1526 (11th Cir. 1983). Courts within the Eleventh Circuit therefore have waived the requirement of a right-to-sue letter when the plaintiff is unable to obtain the letter as a result of delays within the EEOC. See id.; Lee v. Anderson Columbia Co., No. 09-12, 2009 U.S. Dist. LEXIS 27054 at *4–5 (N.D. Fla. Mar. 23, 2009).

Here, the record reflects that Gonzalez submitted his charges to the EEOC, waited for the 180-day period to run, then repeatedly requested a right-to-sue letter. Notwithstanding Gonzalez's efforts, the EEOC failed to provide the letter. Under these circumstances, it would be inequitable to dismiss Gonzalez's action for a failure to obtain a right-to-sue letter from the EEOC. The Court thus determines that the requirement of a right-to-sue letter will be waived in this case, and Gonzalez may proceed on his Title VII claims. See Fouche, 713 F.2d at 1526.

### B. Gonzalez Has Provided Evidence that He Presented His FCRA Claims to the FCHR

National next argues that Gonzalez's FCRA claims are premature because it is unclear whether Gonzalez properly presented his claims to the Florida Commission on Human Relations ("FCHR"), which is a prerequisite to an FCRA suit under Florida law. However, when Gonzalez presented his charges to the EEOC, he indicated that the EEOC should also forward the charges to the FCHR. Under a worksharing agreement between the EEOC and the FCHR, a claimant may satisfy the filing requirements of both agencies by presenting a charge to either the EEOC or the FCHR. Gonzalez's

6

filing of a charge with the EEOC thus also satisfied the FCHR's pre-suit filing requirements.

The FCHR imposes filing and waiting-period requirements upon FCRA plaintiffs similar to the requirements of the EEOC with regard to Title VII claims. A plaintiff bringing a discrimination or retaliation claim under the FCRA must first file a charge with the FCHR for a determination as to the existence of reasonable cause to believe that a violation of the FCRA has occurred. White v. City of Pompano Beach, 813 So. 2d 1003, 1005 (Fla. 4th DCA 2002). If the FCHR makes no reasonable-cause determination within 180 days of filing, the plaintiff may proceed with a lawsuit on his FCRA claim. Id. National asserts that it is unclear whether Gonzalez filed his charges with the FCHR and waited 180 days before commencing this suit. National thus argues that Gonzalez's FCRA claims should be dismissed for failure to pursue the necessary administrative remedies. DE 5 at 5; DE 18 at 5.

However, Gonzalez filed his charge of discrimination with the EEOC on June 2, 2011. DE 11-1. Gonzalez filed his second charge to add allegations of retaliation around April 2, 2013. DE 11 at 3; DE 11-2. On the forms relating to each of the charges, Gonzalez indicated that the charges were to be filed both with the EEOC and the relevant state agency; in this case, the FCHR. See DE 11-1 & 11-2. The worksharing agreement between the EEOC and FCHR provides that a plaintiff filing a charge with one agency satisfies the filing requirement with respect to both agencies if the plaintiff indicates that his charge is intended for filing with both agencies. See Worksharing Agreement Between FCHR and EEOC (Sept. 24, 2010), available at http://fchr.state.fl.us/fchr/complaints__1/employment/eeoc_worksharing_agreement;

7

Mason v. K Mart Corp., 1 F. Supp. 2d 1333, 1336 (M.D. Fla. 1998). Because Gonzalez indicated that his charges were to be forwarded to the FCHR when he filed them, the filing was effective as to both the EEOC and FCHR. See Mason, 1 F. Supp. 2d at 1336. Despite having filed his charge with the FCHR more than 180 days prior to the commencement of this suit, it appears from the parties' papers that the FCHR has not made a reasonable-cause determination. Because Gonzalez has not obtained a determination from the FCHR on his charges and more than 180 days have passed since their filing, Gonzalez has fulfilled the conditions precedent to suit under the FCRA. See White, 813 So. 2d at 1005. The Court thus declines to dismiss Gonzalez's FCRA claims for failure to file with the FCHR.

### C. National's Lack of Pre-suit Notice of the EEOC Charges Does Not Require Dismissal

National also argues that Gonzalez's Title VII claims should be dismissed because it did not receive notice of his EEOC charge before the commencement of the instant suit. DE 5 at 5–6. However, National cites no authority for the proposition that a defendant's failure to receive notice of the filing of an EEOC charge requires dismissal of a plaintiff's subsequent suit on the underlying claims. Indeed, it is the "EEOC [that] assumes the burden of promptly notifying the respondent that a charge has been filed." Bost v. Fed. Express Corp., 372 F.3d 1233, 1239 (11th Cir. 2004) (internal quotation marks omitted); see also 42 U.S.C. § 2000e-5(b). And as the Eleventh Circuit has held, "any deficiency in the EEOC's performance of its duties should not adversely affect a plaintiff's right to sue." Forehand, 89 F.3d at 1571. The Court thus rejects National's contention that the EEOC's failure to provide it with notice of Gonzalez's charges of discrimination and retaliation should result in dismissal of Gonzalez's claims herein.

8

### D. <u>Gonzalez Has Adequately Pled the Conditions Precedent to Suit</u>

Finally, National argues that the Complaint should be dismissed because Gonzalez has failed to plead facts showing that he has complied with all conditions precedent to bringing this suit, such as the submission of a charge to the EEOC and the receipt of a right-to-sue letter. DE 5 at 8. However, allegations regarding the fulfillment of conditions precedent to suit need not be pled with such specificity. Instead, Gonzalez's general allegation that all conditions precedent have been met satisfies the applicable standard.

As Gonzalez rightly notes, courts within the Eleventh Circuit treat the preconditions to filing a Title VII or FCRA case as conditions precedent that must be pled in accordance with the standard set forth in Rule 9(c) of the Federal Rules of Civil Procedure. <u>Fouche</u>, 713 F.2d at 1524–25; <u>Griffin v. Dugger</u>, 823 F.2d 1476, 1482 n.12 (11th Cir. 1987); <u>Kara v. Fla. Pub. Utils. Co.</u>, No. 06-572, 2008 U.S. Dist. LEXIS 8776 at *7–8 (M.D. Fla. Feb. 6, 2008). Rule 9(c) provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Here, Gonzalez has alleged that "[a]ll conditions precedent for the filing of this action before this Court have been met, including the exhaustion of all pertinent administrative procedures and remedies." DE 1 ¶ 7. Federal district courts routinely find that allegations similar to Gonzalez's satisfy the standard of Rule 9(c) in pleading the fulfillment of conditions precedent in employment discrimination and retaliation actions. See <u>Bednarcik v. Titan Am. LLC</u>, No. 08-81534, 2009 U.S. Dist. LEXIS 97747 at *6–7 (S.D. Fla. June 15, 2009) (collecting cases). The Court thus rejects National's demand for greater specificity in pleading the satisfaction of conditions precedent. It is accordingly

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint [DE 5] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of August, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF